**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

|  |  |
|---|---|
| HEADWATER RESEARCH, LLC, <br><br>  *Plaintiff*, <br><br> v. <br><br> GOOGLE LLC, <br><br>  *Defendant.* | C.A. No.:  7:25-cv-00231-DC-DTG <br><br><br> **JURY TRIAL REQUESTED** |

**DEFENDANT GOOGLE LLC's OPPOSED MOTION TO CONSOLIDATE
CASE NOS. 7:25-CV-00231, 7:25-CV-00367, AND 7:25-CV-00369**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | FACTUAL BACKGROUND | 1 |
| | A. Headwater Files Nearly Identical Complaints Accusing FCM in FCM I & II | 1 |
| | B. Headwater Adds FCM to the FCM/eSIM Action | 2 |
| | C. All the Patents in the Three Actions Are Related | 3 |
| | D. The Three Actions Are All at Early and Similar Stages | 4 |
| II. | LEGAL STANDARD | 4 |
| III. | ARGUMENT | 5 |
| | A. All Three Actions Are in WDTX and Involve the Same Parties | 5 |
| | B. The Actions Involve Common Questions of Law and Fact | 5 |
| | C. Consolidation Will Preserve Resources and Avoid Waste | 8 |
| | D. The Benefits of Consolidation Outweigh Any Prejudice or Risk Of Confusion | 9 |
| | E. The Court Should Consolidate the FCM I and II Actions | 10 |
| IV. | CONCLUSION | 10 |

# TABLE OF AUTHORITIES

## Cases

*In re Air Crash Disaster at Fla. Everglades*,
   549 F.2d 1006 (5th Cir. 1977) ............................................................................................4

*Batazzi v. Petroleum Helicopters, Inc.*,
   664 F.2d 49 (5th Cir. 1981) ................................................................................................9

*C.W. v. James Zirus*,
   2012 WL 12919097 (W.D. Tex. Aug. 7, 2012) ..................................................................9

*Crest Audio, Inc. v. QSC Audio Prods., Inc.*,
   2016 WL 3249217 (S.D. Miss. Mar. 4, 2016) ..................................................................10

*Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*,
   2023 WL 5612452 (E.D. Tex. Aug. 29, 2023) ................................................................7, 9

*FlyDive, Inc. v. ZapIP, LLC*,
   2017 WL 3508728 (C.D. Cal. Feb. 22, 2017) .....................................................................8

*Gate Guard Servs. L.P. v. Solis*,
   2011 WL 2784447 (S.D. Tex. July 12, 2011) .....................................................................9

*Hillman Grp., Inc. v. Keyme, LLC*,
   2020 WL 6938441 (E.D. Tex. Oct. 23, 2020) .....................................................................5

*Holmes v. City of San Antonio*,
   2021 WL 2878551 (W.D. Tex. Mar. 30, 2021) ...................................................................5

*Jazz Pharms., Inc. v. Roxane Labs., Inc.*,
   2013 WL 1596790 (D.N.J. Apr. 12, 2013) ..........................................................................7

*League of United Latin Am. Citizens v. Abbott*,
   2021 WL 5417402 (W.D. Tex. Nov. 19, 2021) ...................................................................5

*NOCO Co. v. Winplus N.A., Inc.*,
   2025 WL 2427984 (C.D. Cal. Apr. 18, 2025) ..................................................................8, 9

*PEMEX Exploración y Producción v. BASF Corp.*,
   2011 WL 13134611 (S.D. Tex. Oct. 4, 2011) .....................................................................9

*Spigen Korea Co., Ltd. v. Ultraproof, Inc.*,
   2017 WL 5508664 (C.D. Cal. Oct. 20, 2017) .....................................................................8

*Uniloc USA, Inc. v. HTC Am., Inc.*,
   2018 WL 2059565 (W.D. Wash. May 3, 2018) ...............................................................5, 9

**Other Authorities**

Federal Rule of Civil Procedure 42(a) ..........................................................................................1, 4

# EXHIBIT LIST

| Exhibit | Document |
|---|---|
| A | Redline of Amended Complaints in FCM I and FCM II |
| B | Chart Comparing Evidence Cited by Headwater in Infringement Contentions for FCM I, FCM II, and FCM/eSIM cases |
| C | FCM/eSIM Infringement Contentions for U.S. Patent No. 8,639, 935 (the "'935 Patent") |
| D | FCM/eSIM Infringement Contentions for U.S. Patent No. 9,973,930 (the "'930 Patent") |
| E | FCM I Infringement Contentions for U.S. Patent No. 9,615,192 (the "'192 Patent") |
| F | FCM I Infringement Contentions for U.S. Patent No. 10,321,320 (the "'320 Patent") |
| G | U.S. Patent No. 9,198,117 (the "'117 Patent") |
| H | U.S. Patent No. 9,615,192 |
| I | U.S. Patent No. 10,321,320 |
| J | FCM II Infringement Contentions for the '117 Patent |

Should the Court deny Google's pending motions to transfer venue to the Northern District of California filed in this and two other related cases brought by Headwater pending in this Court, Google respectfully requests that the Court consolidate the following three cases for all pretrial proceedings and for trial pursuant to Federal Rule of Civil Procedure 42(a):

| Case | Court | Filing Date | Accused Products |
|---|---|---|---|
| *Headwater Research LLC v. Google LLC*, No. 7:25-cv-00231-DC-DTG ("**FCM I**") | WDTX | May 16, 2025 | Firebase Cloud Messaging |
| *Headwater Research LLC v. Google LLC*, No. 7:25-cv-00367-DC-DTG ("**FCM II**") | WDTX | August 27, 2025 | Firebase Cloud Messaging |
| *Headwater Research LLC v. Google LLC*, No. 7:25-cv-00369-DC-DTG ("**FCM/eSIM**") | WDTX | August 27, 2025 | Firebase Cloud Messaging and eSIM functionality |

All three actions involve identical parties, are pending before the same judge and magistrate in this Court, and accuse Google's cloud messaging service (Firebase Cloud Messaging or "FCM") of infringing patents from the same patent family that share the same lead inventor. The ten patents asserted across the three cases are also related, and Headwater has previously asserted and is currently asserting the FCM I and II patents together in other cases. The parties have also already agreed to consolidate those two actions for pretrial purposes. Since there will be significant overlap in witnesses, documentary evidence, and motion practice, both the Court and the parties would waste resources absent consolidation.

I.      **FACTUAL BACKGROUND**

   A.      **Headwater Files Nearly Identical Complaints Accusing FCM in FCM I & II**

On May 16, 2025, Headwater filed FCM I asserting the '192 and '320 patents against Google. On August 27, 2025, Headwater filed a nearly identical complaint initiating FCM II, asserting the '117 patent. Google moved for partial dismissal of the willfulness and indirect

1

infringement claims in both, prompting Headwater to file the operative First Amended Complaints to try to remedy the deficiencies in its original pleadings.

The operative complaint in FCM II is again nearly a mirror image of that in FCM I. Both recite identical background facts about Headwater and the asserted patents' sole named inventor, Gregory Raleigh (*compare* FCM I, Dkt. 28 ¶¶22-30, *with* FCM II, Dkt. 37 ¶¶20-28), accuse the same product (FCM), allege that Google's willfulness arises from its purported knowledge of the complaints, infringement contentions, and expert reports served in the *Headwater v. Samsung* case (*compare* FCM I, Dkt. 28 ¶¶11-15, 18-21 *with* FCM II, Dkt. 37 ¶¶11-19), and describe the "immense value" Google purportedly reaps from its alleged infringement (*compare* FCM I, Dkt. 28 ¶¶2-10 *with* FCM II, Dkt. 37 ¶¶2-10). Headwater also cites much of the same evidence in the accompanying infringement claim charts. *Compare* FCM I, Dkt. 28-1 & 28-2 *with* FCM II, Dkt. 37-1. The only substantive difference between the two operative complaints is the assertion of different patents—but they are related and directed to similar subject matter. *See* Ex. A.

**B.    Headwater Adds FCM to the FCM/eSIM Action**

On the same day it filed FCM II, Headwater initiated FCM/eSIM, accusing Google's mobile devices, cellular networks, servers, services, and eSIM-enabled devices that operate on its network of infringing seven patents. FCM/eSIM, Dkt. 1 ¶2. The complaint contains the same background allegations regarding Headwater and Raleigh as in the FCM I and II complaints. *Compare* FCM/eSIM, Dkt. 1 ¶¶3-11 *with* FCM I, Dkt. 1 ¶¶18-26 *and* FCM II, Dkt. 1 ¶¶ 16-24. After Google again moved to partially dismiss the willful and indirect infringement claims, Headwater added similar allegations about Google's supposed knowledge of the asserted patents based on Headwater's litigation with other parties and exposure to its "patent family." *Compare* FCM/eSIM, Dkt. 39 ¶¶23-28 *with* FCM I, Dkt. 28 ¶¶11-21 *and* FCM II, Dkt. 37 ¶¶11-19.

Headwater then added allegations against FCM in its December 12, 2025 preliminary

infringement contentions for FCM/eSIM, largely alleging FCM infringes four of the asserted patents in the same manner as it infringes the FCM I and II patents. Indeed, the contentions in the FCM/eSIM action cite to much of the same materials as the FCM I contentions, including the same webpages and documentation. *See* Ex. B; *compare* Ex. C at 1-12, 22-23, 32-34, 92-100 and Ex. D at 35-63 *with* Ex. E at 1-7, 30 -34, 39-41 and Ex. F at 1-7, 28-32, 47-48.

### C.     All the Patents in the Three Actions Are Related

All three actions assert patents from the same patent family. Of the ten total patents asserted, nine claim priority to the same handful of patent applications—Application No. 12/380,780 and Provisional Application Nos. 61/206,354, 61/206,944, 61/207,393, and 61/207,739. The remaining patent, the '510 patent, incorporates these applications by reference. '510 patent at 1:14, 2:16-2:24. All ten patents also share the same lead inventor, Dr. Raleigh.

The patents asserted in FCM I ('192 and '320) and FCM II ('117) generally cover the same technology: servers that buffer messages and send those messages to devices based on triggers and devices that received the messages where these devices have agents. They have the same specifications and thus will share much of the same prior art. Exs. G-I. Indeed, Headwater has previously asserted the '192 patent (FCM I) and the '117 patent (FCM II) (and one other patent that the PTAB found unpatentable) in the same case against Samsung, accusing Google's FCM of infringement. *Headwater Rsch. LLC v. Samsung Elecs. Co. Ltd. et al*, No. 2:23-cv-00103-JRG-RSP (the "-103 Case"). The '192 (FCM I) and '117 (FCM II) patents were litigated together there, including for claim construction, infringement and invalidity expert reports, dispositive motions, and damages.[1] *See* Dkts. 91, 201, 373, 378. In fact, Headwater asserts that the '117 patent (FCM

---

[1]    Days before trial, Headwater dropped the '192 patent after Samsung successfully moved to strike portions of Headwater's expert report on the basis that Headwater failed to adequately disclose FCM for certain limitations.  -103 Case, Dkt. 378 at 3-4.

II) and the '320 patent (FCM I) are so closely related that Google should have known it was infringing the '320 patent by receiving Headwater's infringement contentions, expert report, and pleadings for the '117 patent in the -103 Case. FCM I, Dkt. 28 ¶¶16, 18. Headwater similarly alleges Google should have had knowledge of the FCM/eSIM patents based on the -103 Case (which asserted both the '117 and '192 patents). FCM/eSIM, Dkt. 39 ¶22.

### D. The Three Actions Are All at Early and Similar Stages

Although the schedule for FCM/eSIM currently trails behind the other two cases (which the parties have agreed to consolidate for pretrial purposes), the parties are still at the pleadings stage for all three and no merits-based discovery has begun. The parties are litigating the same motions, including similar motions to dismiss (FCM I, Dkt. 32; FCM II, Dkts. 48, 51; FCM/eSIM, Dkts. 45, 50) and motions to transfer venue to the NDCA (FCM I, Dkt. 33; FCM II, Dkt. 12; FCM/eSIM, Dkt. 37). Given the overlap in technologies, the parties agreed to cross-use of venue discovery in FCM I and II and filed the same opposition and reply briefs. FCM I, Dkt. 53; FCM II, Dkt. 33; *compare* FCM I, Dkts. 55, 58 with FCM II, Dkts. 40, 45. Venue discovery for FCM/eSIM is scheduled to be completed on February 26, 2026. FCM/eSIM, Dkt. 49.

## II. <u>LEGAL STANDARD</u>

"If actions before the court involve a common question of law or fact, the court may … join for hearing or trial any or all matters at issue in the actions … [or] consolidate the actions[.]" FRCP 42(a). The Fifth Circuit has urged district judges "'to make good use of Rule 42(a) … in order to expedite the trial and eliminate unnecessary repetition and confusion.'" *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1013 (5th Cir. 1977)). Courts may consider "(1) whether the actions are pending in the same court; (2) whether there are common parties; (3) whether there are common questions of law or fact; (4) whether there is risk of prejudice or confusion versus a risk of inconsistent adjudications if the cases are tried separately; and

(5) whether consolidation will promote judicial economy," as well as "the stage of litigation each case is at, relative to preparedness for trial." *Holmes v. City of San Antonio*, 2021 WL 2878551 (W.D. Tex. Mar. 30, 2021); *League of United Latin Am. Citizens v. Abbott*, 2021 WL 5417402, at *2 (W.D. Tex. Nov. 19, 2021) (citation omitted).

## III.  ARGUMENT

### A.  All Three Actions Are in WDTX and Involve the Same Parties

The actions are all pending before the same district court and magistrate judge and involve identical parties, Headwater and Google. The first two factors thus strongly favor consolidation.

### B.  The Actions Involve Common Questions of Law and Fact

#### 1.  Common Questions of Fact Regarding Infringement by FCM

The three actions "share[] a common issue of fact" because Headwater accuses the same product in all the cases. *Uniloc USA, Inc. v. HTC Am., Inc.*, 2018 WL 2059565, at *2-3 (W.D. Wash. May 3, 2018); *see Hillman Grp., Inc. v. Keyme, LLC*, 2020 WL 6938441, at *3 (E.D. Tex. Oct. 23, 2020). Indeed, Headwater's allegations regarding the manner in which FCM infringes the asserted patents across all three actions are materially similar:

- Headwater alleges FCM uses device-side agents for receiving and supporting push messages from the FCM system to end-user devices:

| FCM I | FCM II | FCM/eSIM |
|---|---|---|
| "Google's FCM server comprises . . . **a device link agent** (FCM client) [that receive] secure message link messages."<br>Ex. E ('192 chart) at 28<br><br>"**a device link agent** (e.g. FCM client) . . . [receives] messages . . . (apps invoke FCM client and register to use FCM)"<br>Ex. F ('320 chart) at 30 | "As an example, software in an end-user device responsible for receiving, decrypting, delivering, and displaying messages for Google-branded apps through a Firebase Cloud Messaging-based system show examples of '**device messaging agent.**'"<br>Ex. J ('117 chart) at 34 | "The Accused Instrumentalities are configured with **device agent software** to support push messaging from a push messaging system by Google or Google Cloud systems (e.g., Google's Firebase Cloud Messaging system)"<br>Ex. C ('935 chart) at 10, Ex. D ('930 chart) at 35 |

5

- Headwater alleges FCM establishes and maintains communications links between the FCM system and an end-user device for transmitting push messages:

| FCM I | FCM II | FCM/eSIM |
|---|---|---|
| "FCM's link interface maintains a single persistent connection (**secure Internet data message link**) with a device link agent (e.g. FCM client) on a wireless end-user device"<br>Ex. F ('320 chart) at 30 | "the communications link between Firebase Cloud Messaging system and Android devices comprises **a secure Internet data connection**"<br>Ex. J ('117 chart) at 61 | "there is a **service control link** between the Google Firebase Cloud Messaging system and each Android device compatible with Google's network"<br>Ex. C ('935 chart) at 10 |

- Headwater relies on the same theory that FCM uses identifiers in push messages to deliver messages to specific elements on a device:

| FCM I | FCM II | FCM/eSIM |
|---|---|---|
| "the FCM client receives push messages from the FCM system that contain a unique identifier (such as application package name) for a corresponding one of the software agents"<br>Ex. F ('320 patent) at 62 | "Google's FCM system receives multiple requests to push application data indicating a particular device and application. For example, an application name or identifier and/or a device identifier and/or a registration identifier can be used to send push notifications to the particular application on a particular device"<br>Ex. J ('117 chart) at 87 | "the Firebase push system used by Google generates an encrypted message comprising . . . an identifier identifying particular software that facilitates push messages for the application package and its components, including, for example, the particular software that performs receiving push messages for the application."<br>Ex. C ('935 chart) at 69 |

The jury will be tasked with understanding the same accused product to decide whether it practices all the FCM I and II patents and the majority of the FCM/eSIM patents. Much of the discovery will thus be sought from the same Google witnesses; indeed, Headwater contends that Google employee Jon Mensing has critical knowledge regarding FCM and thus essentially admits he will be a "key witness at trial" for all three actions.[2] FCM I, Dkt. 56 at 6-7; FCM II, Dkt. 43 at

---

[2] But as stated in Google's motion to transfer briefing, Mr. Mensing is outweighed by the other NDCA-based FCM team members, including the former FCM product managers. Dkt. 62 at 5.

6-7; *Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*, 2023 WL 5612452, at *2 (E.D. Tex. Aug. 29, 2023) (cases "will likely involve the same discovery and witnesses" since they "involve the same technology," "the same accused products" and "service"). Similarly, there will be substantial overlap in documentary evidence regarding FCM, as demonstrated already in Headwater's infringement claim charts for all three actions. *See supra* § I.B. Since "it is likely that there will be considerable overlap between the evidence used in both actions," consolidation is warranted. *See, e.g.*, *Jazz Pharms., Inc. v. Roxane Labs., Inc.*, 2013 WL 1596790, at *2-3 (D.N.J. Apr. 12, 2013).

        2.    <u>Common Questions of Facts and Law for Willfulness and Indirect Infringement</u>

In all three actions, Headwater relies on the following for Google's purported knowledge of infringement: (1) pleadings and/or infringement contentions in its cases against **other** defendants, (2) a willful blindness theory based on its infringement accusations against a Google partner/customer, (3) its lawsuits against Samsung given ongoing business relationship between Samsung and Google, (4) Google's alleged "ongoing monitoring of [its] patent family" and participation in trials in the -103 case. FCM I, Dkt. 28 ¶¶11-15, 18-21; FCM II, Dkt. 37 ¶¶11-19; FCM/eSIM, Dkt. 39 ¶¶17-28. Whether these allegations are sufficient to establish knowledge or willful blindness presents a common issue of law. As there will be significant overlap in discovery and evidence on this topic, there are also overlapping questions of fact for all three actions.[3]

        3.    <u>Common Questions of Fact and Law Regarding Invalidity</u>

Although Google's investigation of prior art for FCM II and FCM/eSIM is ongoing,

---

Regardless, Headwater has contended that an FCM product manager will be relevant in all cases.
[3] Even if Google's motions for partial dismissal are granted in full for all three cases as to the willful and indirect infringement claims, at a minimum these facts will still be at issue in FCM I and FCM II for the claims post-April 2024.

7

Google anticipates significant overlap. Key prior art for all three cases will likely include GTalkService—Google's predecessor product to FCM—which predates the earliest priority date in all actions. FCM I, Dkt. 40-1 at 1, 4-5; FCM II, Dkt. 14 at 1-5. Indeed, in the -103 Case, Samsung argued GTalkService rendered both the '117 (FCM II) and '192 (FCM I) patents invalid. FCM I, Dkt. 40-1 at 3, n.3; FCM II, Dkt. 53 at 5.

### C. Consolidation Will Preserve Resources and Avoid Waste

Judicial economy also strongly favors consolidation. *See FlyDive, Inc. v. ZapIP, LLC*, 2017 WL 3508728, at *2-3 (C.D. Cal. Feb. 22, 2017) ("Consolidation will [] decreas[e] the amount of duplicative discovery, research, and motions practice.").

The overlap between actions has already resulted in duplicative motion practice. Google's motions to dismiss present similar issues on the elements for willful and indirect infringement, and Google's transfer motions also include overlapping facts and issues. *See supra* §§ II.D, III.B.2; *see Spigen Korea Co., Ltd. v. Ultraproof, Inc.*, 2017 WL 5508664, at *2 (C.D. Cal. Oct. 20, 2017).

Consolidation will also streamline discovery and trial since the persons knowledgeable about the same accused product will likely be witnesses in all three actions. *See, e.g.*, *NOCO Co. v. Winplus N.A., Inc.*, 2025 WL 2427984, at *3 (C.D. Cal. Apr. 18, 2025). There will also be an overlap of Headwater and third-party witnesses. Dr. Raleigh, founder of Headwater and lead inventor of all ten asserted patents, testified in all of Headwater's other cases and will be a common witness here. FCM II, Dkt. 43 at 6. Former employees from Headwater and ItsOn (which commercializes Headwater's technology), as well as ItsOn-ABC (which retains ItsOn's documents and source code), also have relevant information for all three actions. FCM I, Dkt. 40-1 at 6-7; FCM II, Dkt. 55 at 6-8; FCM/eSIM, Dkt. 37-1 at 6-8. Consolidation will also alleviate duplicative expert discovery given the overlap in the prior art and accused product. It would be a significant waste of judicial and party resources to empanel three separate juries to hear the same witnesses

discuss the same exhibits. *C.W. v. James Zirus*, 2012 WL 12919097, at *3 (W.D. Tex. Aug. 7, 2012).

That consolidation would result in ten patents being litigated simultaneously does not undermine the strong efficiency interests as courts have managed even more patents together. *See Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*, 2023 WL 5612452, at *3 (E.D. Tex. Aug. 29, 2023) (finding that concerns "unfounded" given "the substantial overlap in issues").

### D. The Benefits of Consolidation Outweigh Any Prejudice or Risk Of Confusion

The benefits of consolidation greatly outweigh any marginal prejudice or risk of confusion. Though FCM/eSIM includes other accused products and patents, that "there are some questions that are not common … does not preclude consolidation." *Gate Guard Servs. L.P. v. Solis*, 2011 WL 2784447, at *14 (S.D. Tex. July 12, 2011) (citing *Batazzi v. Petroleum Helicopters, Inc.*, 664 F.2d 49, 50 (5th Cir. 1981). Consolidation is appropriate when cases "nevertheless involve common questions of fact, the same parties, the same counsel, [and] similar legal theories." *Uniloc*, 2018 WL 2059565 at *1 (consolidating cases involving "a *similar*" but not completely overlapping "set of accused products"); *NOCO Co.*, 2025 WL 2427984, at *2 (consolidating cases even though "one of the products accused in the [one case] is not accused in the [other]"). Notwithstanding the eSIM products, there will be overlapping evidence regarding the parties, inventor, and FCM. And Headwater itself asserted the '935 patent (FCM/eSIM) with two patents related to the '192, '320 (FCM I), and '117 (FCM II) patents in another case against Apple, such that it cannot claim confusion here. *Headwater Rsch. LLC v. Apple Inc.*, No. 7:25-cv-00407 (W.D. Tex.).

Even if the FCM I and II trials are delayed as a result of consolidation, the prejudice caused "will be slight" since "both actions are at an early stage of development." *PEMEX Exploración y Producción v. BASF Corp.*, 2011 WL 13134611, at *5 (S.D. Tex. Oct. 4, 2011). Any prejudice regarding the case schedule "can be alleviated by the court setting an appropriate schedule … in

9

the consolidated matter, taking into account the current stage of each action." *Crest Audio, Inc. v. QSC Audio Prods., Inc.*, 2016 WL 3249217, at *2 (S.D. Miss. Mar. 4, 2016). Google proposes that the *Markman* hearing and opening of fact discovery dates remain the same for FCM I and II but that the three cases proceed pursuant to the FCM/eSIM schedule for the remaining deadlines. FCM/eSIM, Dkt. 51.

### E. The Court Should Consolidate the FCM I and II Actions

At a minimum, the Court should consolidate FCM I and II for pretrial proceedings (as the parties already agreed to) and for trial. The two cases overlap entirely with respect to the accused products and prior art. *See supra* § I.A. The parties already identified the same likely trial witnesses for both cases in connection with Google's transfer motions. FCM I, Dkt. 40-1 §§ II.B, II.C; FCM II, Dkt. 53 §§ II.B, II.C. Consolidation would eliminate duplicative trials featuring the same witnesses, documents, and issues merely weeks apart. There would be no trial delay as Google agreed to expedite the schedule of FCM II. FCM II, Dkts. 41, 41-1. And Headwater already litigated patents from FCM I ('192) and II ('117) together in the -103 Case (-103 Case, Dkt. 31), and is currently litigating ***all three*** FCM I and II patents ***together*** in at least five other cases.[4]

## IV. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court consolidate the FCM I, FCM II, and FCM/eSIM actions for all pretrial and trial proceedings. In the alternative, Google requests that the Court consolidate the FCM I and II actions for pretrial proceedings and for trial.

---

[4] *See Headwater Rsch. LLC v. Walmart Inc.*, No. 2:25-cv-00961-JRG-RSP, Dkt. 19, 20, 21 (E.D. Tex. Nov. 4, 2025) (Lead Case); *Headwater Rsch. LLC v. Supercell Oy*, No. 2:25-cv-00964-JRG-RSP, Dkt. 1 (E.D. Tex. Sept. 18, 2025); *Headwater Rsch. LLC v. Tencent Holdings Ltd.*, 2:25-cv-00965-JRG-RSP, Dkt. 1 (E.D. Tex. Sept. 18, 2025).

DATED: February 13, 2026　　　　QUINN EMANUEL URQUHART & SULLIVAN, LLP

　　　　　　　　　　　　　　　　BY:　　/S/ LANCE L. YANG
　　　　　　　　　　　　　　　　　　　David A. Nelson
　　　　　　　　　　　　　　　　　　　QUINN EMANUEL URQUHART
　　　　　　　　　　　　　　　　　　　　& SULLIVAN, LLP
　　　　　　　　　　　　　　　　　　　191 North Wacker Drive, Suite 2700
　　　　　　　　　　　　　　　　　　　Chicago, IL 60606
　　　　　　　　　　　　　　　　　　　Tel: (312) 705-7400
　　　　　　　　　　　　　　　　　　　davenelson@quinnemanuel.com

　　　　　　　　　　　　　　　　　　　Lance L. Yang (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　Patrick T. Schmidt (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　QUINN EMANUEL URQUHART
　　　　　　　　　　　　　　　　　　　　& SULLIVAN, LLP
　　　　　　　　　　　　　　　　　　　865 South Figueroa St., 10th Floor
　　　　　　　　　　　　　　　　　　　Los Angeles, CA 90017
　　　　　　　　　　　　　　　　　　　Tel: (213) 443-3000
　　　　　　　　　　　　　　　　　　　lanceyang@quinnemanuel.com
　　　　　　　　　　　　　　　　　　　patrickschmidt@quinnemanuel.com

　　　　　　　　　　　　　　　　　　　Jocelyn Ma (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　QUINN EMANUEL URQUHART
　　　　　　　　　　　　　　　　　　　　& SULLIVAN, LLP
　　　　　　　　　　　　　　　　　　　50 California Street, 22nd Floor
　　　　　　　　　　　　　　　　　　　San Francisco, CA 94111
　　　　　　　　　　　　　　　　　　　Tel: (415) 875-6600
　　　　　　　　　　　　　　　　　　　jocelynma@quinnemanuel.com

　　　　　　　　　　　　　　　　　　　Brady Huynh (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　Austin Buscher (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　QUINN EMANUEL URQUHART
　　　　　　　　　　　　　　　　　　　　& SULLIVAN, LLP
　　　　　　　　　　　　　　　　　　　555 Twin Dolphin Dr., 5th Floor
　　　　　　　　　　　　　　　　　　　Redwood Shores, CA 94065
　　　　　　　　　　　　　　　　　　　Tel: (650) 801-5000
　　　　　　　　　　　　　　　　　　　bradyhuynh@quinnemanuel.com
　　　　　　　　　　　　　　　　　　　austinbuscher@quinnemanuel.com

　　　　　　　　　　　　　　　　　　　Caroline M. Vermillion (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　QUINN EMANUEL URQUHART
　　　　　　　　　　　　　　　　　　　　& SULLIVAN, LLP
　　　　　　　　　　　　　　　　　　　295 Fifth Avenue
　　　　　　　　　　　　　　　　　　　New York, NY 10016
　　　　　　　　　　　　　　　　　　　Tel: (212) 849-7000
　　　　　　　　　　　　　　　　　　　carolinevermillion@quinnemanuel.com

Nathaniel St. Clair, II
Texas State Bar No. 24071564
JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Tel: (214) 953-5948
Tax: (214) 953-5822
nstclair@jw.com

*Counsel for Defendant Google LLC*

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7, undersigned counsel certifies that counsel for the parties conferred in good faith regarding the relief requested in this Motion on February 11, 2026. The parties were unable to reach agreement and remain at an impasse. Headwater opposes this Motion.

## CERTIFICATE OF SERVICE

  Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, the undersigned hereby certifies that, on February 13, 2026, all counsel of record who have appeared in this case were served with a copy of the foregoing document via the Court's CM/ECF system.

                */s/ Lance L. Yang*
                Lance L. Yang