**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **HEADWATER RESEARCH LLC,** | § | |
| | § | |
| *Plaintiff,* | § | **7:25-CV-00231-DC-DTG** |
| | § | |
| *v.* | § | |
| | § | |
| **GOOGLE LLC,** | § | |
| | § | |
| *Defendant.* | § | |

**ORDER GRANTING DEFENDANT'S
<u>OPPOSED MOTION TO TRANSFER (DKT. NO. 40-1)</u>**

Before the Court is the defendant Google LLCs' motion to transfer this case to the United States District Court for the Northern District of California. The defendant's motion is based on 28 U.S.C. § 1404(a). Dkt. No. 40-1. The plaintiff opposes the motion and filed a response, to which the defendant filed a reply. Dkt. No. 55; Dkt. No. 58. The motion is well-briefed and considerable evidence has been submitted. The Court finds that a hearing is unnecessary and finds that the defendant's motion should be **GRANTED** and the case **TRANSFERRED** to the Northern District of California.

## I.  FACTUAL BACKGROUND

The present case involves allegations of patent infringement. The plaintiff is a Texas limited liability company organized under the laws of Texas, with its principal place of business in Tyler, Texas, which is in the Eastern District of Texas. The plaintiff filed this suit in the Midland-Odessa Division of the Western District of Texas on May 16, 2025, with an amended complaint filed on August 11, 2025, asserting unlawful infringement of U.S. Patent Nos. 9,615,192 and 10,321,320.

## II.  LEGAL STANDARD

Section 1404 allows a court to transfer a case to a district where it could have been brought for "the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). A party seeking transfer under section 1404 "must show good cause" and that the transferee district is "clearly more convenient." *In re Volkswagen of Am.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). The analysis is performed using the four well-known private factors and four well-known public factors.[1]

## III.  ANALYSIS

As a threshold matter, the Court confirms that this case could have been brought in the Northern District of California. The defendant contends that it is headquartered in Mountain View, California, which is in the Northern District of California. Dkt. No. 40-1 at 4. The plaintiff never disputes those allegations, and the Court accepts the defendant's assertion that this case could have been brought in the Northern District of California as true.

Thus, the Court turns to an analysis of the private and public interest factors under section 1404(a).

### A.  The Private Interest Factors

Turning to the private interest factors, the Court finds that the defendant has demonstrated that the Northern District of California is clearly more convenient. The defendant and the plaintiff both provided numerous potential willing witnesses in their briefings, but after

---

[1] The private factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The public factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

thorough analysis, the Court finds that of those potential willing witnesses that likely have relevant information for this case, the majority are located in the Northern District of California. Many of the witnesses that the plaintiff relies on to rebut the defendant's motion are located in the Eastern District of Texas or are irrelevant. Dkt. No. 55 at 5-12 (highlighting that many of the plaintiff's witnesses are located in the Eastern District of Texas); *see also* Dkt. No. 58, Ex. 1-37. However, many relevant witnesses, including Mr. Hanson and his Firebase Cloud Management team, are located in the Northern District of California. Dkt. No. 40-1 at 8. As for the availability of compulsory process, the defendant identified several non-party witnesses in the Northern District of California who would need to be compelled to testify, including ItsOn, a third party related company, employees and James Kolotouros, while the plaintiff was only able to identify a cherry-picked group of customers within the Western District of Texas. Dkt. No. 40-1 at 13-15; Dkt No. 55 at 13-15. Additionally, there is no physical or electronic evidence in the Western District of Texas. All of the plaintiff's physical and electronic evidence is located in the Eastern District of Texas. Dkt. No. 17-18. However, the defendant's electronic files as well as ItsOn's ESI are located within the Northern District of California. Dkt. No. 40-1 at 11-13. Considering the private factors as a whole, defendant has met its burden in demonstrating that the Northern District of California is clearly more convenient.

### B.  The Public Interest Factors

Turning to the public interest factors considered in light of the specific facts of this case, the Court finds that they also favor transfer. The first public interest factor—the administrative difficulties flowing from court congestion—carries little weight in this case. By arguing that this factor is neutral, the defendant concedes it does not demonstrate that the Northern District of California is clearly more convenient. *See* Dkt. No. 40-1 at 19. As for the third and fourth public

interest factors—familiarity of the forum and the avoidance of unnecessary conflict of laws—both parties agree that these factors are neutral. Dkt. No. 40-1 at 19; Dkt. No. 55 at 20. However, through the second public interest factor—local interest—Google has met their burden in showing that the Northern District of California is clearly more convenient.

The local interest factor favors transfer. The defendant has identified significant local interest factors for the Northern District of California, such as the defendant's presence and the location of prior art witnesses. Dkt. No. 40-1 at 17-19. Additionally, the claimed invention was conceived in the Northern District of California while Dr. Raleigh, the inventor, was working at companies he founded in the San Francisco area. Dkt. No. 40-1 at 17; s*ee In re Google LLC*, 58 F.4th 1379, 1385 (Fed. Cir. 2023). The plaintiff argues that local interest weights against transfer because Headwater resides in Tyler, Texas and non-party citizens who use the products are located in Texas. Dkt. No. 55 at 19-20. However, Tyler, Texas is located within the Eastern District of Texas. As for use of the product, an interest such as that could apply to virtually any judicial district or division and cannot affect the local-interest determination, as there are likely just as many non-party citizens using the products in the Northern District of California. *In re Clarke*, 94 F.4th 502, 510 (5th Cir. 2024). Therefore, the plaintiff's arguments are unpersuasive, and the defendant has met its burden in demonstrating through the public factors that the Northern District of California is clearly more convenient.

Finally, the Court addresses the plaintiff's request to strike or discount the defendant's evidence. *See* Dkt. No.  The Court finds that the plaintiff has not presented sufficient evidence of malfeasance to justify such an extreme measure. If the plaintiff believed there was a deficiency in the defendant's venue discovery production, it should have implored the Court to address the issue at the appropriate time with the appropriate mechanisms—which it did not. Additionally,

the Court finds the plaintiff's reliance on *Resonant Sys., Inc. v Apple, Inc.*, No. 7:23-CV-00077-ADA, 2024 WL 4346391 to be misguided because the Court in that case did not deny transfer based solely on discovery deficiencies.

### IV.  CONCLUSION

Considering the private and public interest factors in total under the unique facts of this case, the Court finds that the defendant has carried its burden of proving that the Northern District of California is a clearly more convenient venue. It is **ORDERED** that the defendant's motion (Dkt. No. 40-1) is **GRANTED.** The Clerk of Court is **DIRECTED** to take all actions necessary to **TRANSFER** the above-captioned case to the United States District Court for the Northern District of California.

**SIGNED** this 18th day of February, 2026.

_____

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE